**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRYCE SCHAFFER,** | ) | **CASE NO. 1:14 CV 2341** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **THE HUNTINGTON NAT'L BANK,** | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant's Motion to Dismiss (**Doc #: 5**). Defendant Huntington National Bank contends that this case should be dismissed based on *res judicata* grounds. For the following reasons, the Court **GRANTS** Defendant's Motion.

**I.**

**A. State Court Action**

On September 26, 2013, Plaintiff Bryce Schaffer filed a complaint in the Common Pleas Court of Lorain County, Ohio, against his banker, Defendant Huntington National Bank ("Huntington"), seeking over $7 million in damages for defamation of character, harassment, breach of contract, extortion and pain and suffering – all arising from an overdraft of his account which occurred on May 13, 2013.[1] (See Doc ##: 6-2, 6-1.) On February 24, 2014, Schaffer filed an amended complaint arising from the same overdraft seeking over $2 million and adding more claims: "Intentional Tort(s), Economic Tort(s), Negligence Tort(s), Illegal Overdrafts, use of

---

[1] The Lorain County Common Pleas Case No.is 13CV181571.

Defective Check(s), and Extortion" arising out of the same overdraft incident. (Doc #: 6-3.) One reviewing the state court docket might be inclined to think that Schaffer filed a plethora of pleadings, notices and motions to harass not only Huntington but the state court. (See Doc #: 6-1.) For instance, Schaffer filed repeated notices of appearance, three motions for class certification, a motion to repeal Huntington's motion for summary judgment, and amended claims without leave of court – forcing the state court to threaten sanctions for any future frivolous filings.

On March 26, 2014, the state court granted Huntington's motion for summary judgment, awarding judgement in favor of Huntington to the tune of $1008.09 with interest at the statutory rate per annum and costs in bringing its counterclaim.

On March 28, 2014, Schaffer filed a Demand for New Trial. On March 31, 2014, the state court issued a docket entry stating that it would treat the Demand for New Trial as a motion to vacate judgment, and issued a briefing schedule. On April 8, 2014, after reviewing the briefs, the state court denied Schaffer's post-judgment motion.

On April 22, 2014, Schaffer appealed the Court's ruling, which appeal is presently pending.[2]

### B. Federal Court Action

On October 21, 2014, Schaffer filed the instant complaint against Huntington asserting a laundry list of violations of the Code of Federal Regulations arising from the May 13, 2013 overdraft and resulting events. (Doc #: 1 (" Comp.") at 5-15.) In the complaint, Schaffer asserts that "this Court should consider that Huntington concealed and withheld critical new evidence

---

[2]Schaffer's appeal is Case No. 14CA010574.

up to their motion for summary judgment, wherefore there was very insufficient time to properly address the true nature Schaffer sought to address, as Huntington would not disclose the 'issue' with the countercheck." (Comp. ¶ 8.) Schaffer complains that the state court failed to grant his post-judgment motion "even when Schaffer presented adequate information with the revelation of new evidence being submitted to reverse the judgment of the Court." (Id. ¶ 11.) Accordingly, Schaffer now seeks $20 million in damages.

On November 12, 2014, Huntington filed the pending Motion to Dismiss, asking the Court to dismiss the federal complaint based on res judicata; specifically, claim preclusion. On December 4, 2014, Schaffer filed an opposition brief.

## II.

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A defendant may raise *res judicata* as the basis for dismissal under Rule 12(b)(6). *Martin v. Dana Driveshaft Mfg., LLC*, No. 3:09 CV 793, 2010 WL 3515597 (N.D. Ohio 2010) (citing *City of Canton v. Maynard*, 766 F.2d 236)); *Sessley v. Wells Fargo Bank, N.A.*, No. 2:11 CV 348, 2012 WL 726749, at *4 (S.D. Ohio Mar. 6, 2012). In determining a Rule 12(b)(6) motion premised upon *res judicata*, the Court has authority to take judicial notice of the filings in the record of the applicable previous state court proceeding. *Automated Solutions Corp. v. Paragon Data Systems, Inc.*, No. 1:05 CV 1519, 2008 WL 2404972, at *6 (N.D. Ohio Jun. 11, 2008) (citations omitted).

Under *res judicata*, a federal court must give the same preclusive effect to a prior state court judgment as is given the judgment under the law of the state that rendered the judgment. *City of Canton*, 766 F.2d at 237. Under Ohio law, a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995) at syllabus. Moreover, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit. *Grava*, 73 Ohio St.3d at 382. Put another way, "the doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Id.* at 383.

Here, the state court granted summary judgment in favor of Huntington on Plaintiff's claims, all of which arose from the May 13, 2013 overdraft of his account and resulting events. Plaintiff complains that he had insufficient time to properly present new evidence to the state court in his brief opposing Huntington's summary judgment motion. However, he admits that he presented that new evidence in his post-judgment motion to vacate judgment, which the state court reviewed and denied on the merits. Those claims and that evidence is pending before the state appeals court.

Furthermore, federal courts have no appellate jurisdiction over state court rulings. *Shoemake v. Mansfield City School Dist. Bd. of Educ.*, — F.Supp.2d —, 2014 WL 6603875, at *27 (N.D. Ohio 2014) (citation omitted). *See also King v. CitiMortgage, Inc.*, No. 2:10 CV 1044, 2011 WL 2970915 (S.D. Ohio Jul. 20, 2011) (federal court "is empowered to exercise only original, not appellate, jurisdiction.").

And finally, although courts generally hold a *pro se* litigant's pleadings to a less stringent standard, *pro se* status does not relieve a litigant from the bar imposed by *res judicata*. That is because *res judicata* protects litigants from the burden of relitigating claims and issues with the same parties." *Martin*, 2010 WL 3515597, at * 2.

### III.

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss (**Doc #: 5**).

**IT IS SO ORDERED.**

           */s/ Dan A. Polster    January 6, 2015*
           **Dan Aaron Polster**
           **United States District Judge**